**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Cozzolino, | No. CV-04-2229-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County, et al., | |
| Defendants. | |

The court has before it defendants' motion for summary judgment (doc. 28), plaintiff's response (doc. 33), and defendants' reply (doc. 45). On July 25, 2005, we granted in part and denied in part defendants' motion for judgment on the pleadings (doc. 19). The only issues remaining in this case are count III against defendants Maricopa County and Sheriff Joseph Arpaio, alleging a state law claim of wrongful intrusion upon plaintiff's private affairs; and count VII, against all the defendants, alleging violation of plaintiff's civil rights pursuant to 42 U.S.C. § 1983.

**I**

Plaintiff is an outspoken critic of Sheriff Arpaio. He has actively campaigned against Arpaio, and has publically criticized him on his website and in editorials and letters published in a local newspaper. Plaintiff claims that as a result of this criticism, he has become the target of harassment by Arpaio and certain Maricopa County Sheriff's officers. Plaintiff

1 claims that defendants have used their offices and authority to illegally bug his home and
2 telephone, search his garbage, and wrongfully seize his vehicle. He also alleges that
3 defendants have attempted to frame him on false criminal charges.

4 Defendants argue, on the other hand, that Arpaio was the subject of plaintiff's ongoing
5 abuse and harassment. Defendants contend that plaintiff made death threats against Arapio,
6 and engaged in a campaign of sending abusive and harassing emails to the Maricopa County
7 Sheriff's office. On March 7, 2001 and June 12, 2002, Sheriff Arpaio obtained two different
8 injunctions against harassment related to plaintiff's threatening behavior.

## II

10 Defendants first move for summary judgment on count III wherein plaintiff alleges
11 that defendant Maricopa County and Sheriff Arpaio wrongfully invaded his privacy by
12 illegally wiretapping his phone and searching his trash.[1] Arizona recognizes the tort of
13 "intrusion upon seclusion" as set forth in the Restatement (Second) of Torts § 652B (1977),
14 which provides that "[o]ne who intentionally intrudes, physically or otherwise, upon the
15 solitude or seclusion of another or his private affairs or concerns, is subject to liability to the
16 other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable
17 person." See Hart v. Seven Resorts Inc., 190 Ariz. 272, 279, 947 P.2d 846, 853 (Ct. App.
18 1997) (citing Godbehere v. Phoenix Newspapers, Inc., 162 Ariz. 335, 783 P.2d 781 (1989)).
19 The invasion may be conducted "with or without mechanical aids, to oversee or overhear the
20 plaintiff's private affairs, as by . . . tapping his telephone wires." Restatement (Second) of
21 Torts § 652B cmt. b.

22 Defendants claim that, as a matter of law, the allegation that they searched plaintiff's
23 trash cannot form the basis of an invasion of privacy claim. We agree. The defendant is
24 subject to liability for invasion of privacy only when he has intruded into a private place.

---

[1] Defendants contend, as they did in their motion for judgment on the pleadings (doc. 16), that the count III invasion of privacy claim must fail because defendant did not comply with the notice requirement of A.R.S. § 12-821.01. We have already considered and rejected this argument in our previous order (doc. 19) and we will not revisit it here.

- 2 -

1  Hart, 190 Ariz. at 279, 947 P.2d at 853; see also Medical Lab. Mgmt. Consultants v. ABC,
2  Inc., 306 F.3d 806, 812 (9th Cir. 2002) (to prevail on invasion of privacy claim in Arizona,
3  plaintiff must have an objectively reasonable expectation of privacy).  Here, plaintiff had no
4  objectively reasonable expectation of privacy in garbage left for collection outside the home.
5  See California v. Greenwood, 486 U.S. 35, 41, 108 S. Ct. 1625, 1629 (1988).  Accordingly,
6  this allegation will not support an invasion of privacy claim.
7  　　　　　The wiretap allegation presents a different issue.  Plaintiff alleges that he discovered
8  a wiretap on his telephone and that the wife of defendant Mark Koppinger admitted to a
9  reporter that her husband was illegally wiretapping plaintiff's home.  PSOF ¶¶ 38, 39.
10 Defendants make no attempt to refute these allegations, either by denying that a wiretap
11 occurred, or alternatively by establishing that it was supported by a valid search warrant.
12 Instead, defendants simply argue that even if such an intrusion occurred, it was not "highly
13 offensive" as a matter of law because it was "routine police work done as part of the
14 investigation of Plaintiff's violent and criminal behavior."  Id. at 9.[2]  Whether this alleged
15 conduct was highly offensive, however, is a fact question based in large part on whether the
16 police were justified if a wiretap in fact occurred.  Because a material issue of fact exists, we
17 deny defendants' motion for summary judgment on count III.

**III**

19 　　　　Plaintiff also claims, pursuant to 42 U.S.C. § 1983, that defendants violated his
20 constitutional rights by seizing his automobile without a warrant and by framing him with
21 a false drug test while he was incarcerated.  Plaintiff was arrested and charged with attempted
22 murder.  He claims that while incarcerated, defendants seized his automobile, even though
23 the car had no relevance to the criminal charge.  He further contends that, despite specific

---

[2]We reject outright defendants' argument that plaintiff waived his right to privacy, and therefore subjected himself to an allegedly illegal wiretap, when he became a vocal critic of Sheriff Arpaio.  See Defendants' Motion for Summary Judgment at 9.  A citizen does not forfeit his rights once he chooses to publically criticize a government official.

requests, defendants have failed to produce any evidence establishing probable cause to seize the car.

Plaintiff also claims that defendants attempted to frame him on false criminal charges while he was incarcerated in the Maricopa County jail. He claims that a detention officer conducted a drug test in a highly unusual manner and then advised him that he had failed the test and that his probation would be revoked. Two independent agencies subsequently conducted additional tests, however, and concluded that plaintiff was in fact drug free. Less than a week after the test, plaintiff's lawyer asked the County to preserve the urine sample and test results, but none of this evidence has been produced during discovery.

Defendants' only response is that these allegations are "related to legitimate police activity." Reply at 3. This is wholly insufficient to support their motion for summary judgment. Without attempting to justify the seizure of the car or explain the circumstances of the drug tests, material facts exists as to whether these incidents were in fact "related to legitimate police activity" and therefore not in violation of plaintiff's constitutional rights.

Therefore, **IT IS ORDERED DENYING** defendants' motion for summary judgment (doc. 28).

DATED this 27th day of June, 2006.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge